IN RE LUIS VERGNE ORTIZ, Respondent.

No. 65. Argued March 5, 1947.—Decided March 10, 1947.

*Luis Vergne Ortiz, pro se. Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for The People.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

It was alleged in the complaint in this case that Attorney Luis Vergne Ortiz, acting as notary public and in violation of the Notarial Act, certified, on four different occasions, that four persons had signed and sworn before him four promissory notes, for $100 each, the respondent having entered those affidavits in his Registry of Affidavits, without establishing that the signatures were of the parties executing the notes. It was further alleged that by virtue of this

illegal action, Josefa Quiñones widow of Maldonado, relying on his notarial signature, delivered, on four different occasions, the amount of $100.

The respondent, in his answer to the complaint and also at the hearing, admitted the aforesaid facts and alleged in his defense his good professional conduct during twenty-eight years as attorney and notary, as well as Clerk of the District Court of San Juan, and admitted that "straying away from his invariable course of conduct, the respondent, influenced by the old age and apparent seriousness and earnestness of Belén Olmeda, against his practice, and as a concession, in violation of the strict compliance with his duty, unduly consented that said lady bring to his office the four promissory notes above mentioned and certified them, receiving in each case a compensation of fifty cents."

He also alleged and proved that he had paid Josefa Quiñones widow of Maldonado the amount of the four promissory notes.

There is no doubt that respondent's action constituted not only improper and censurable conduct but malpractice in his profession. He humbly and frankly recognizes it and admits it himself, and this speaks well of his moral character. The complainant was later reimbursed by the defendant for the amount of the notes.

Such condescension in violation of the strict compliance with his duty confessed by the respondent, could have blemished forever the good name acquired throughout long years of work and sacrifice. If respondent had not shown the sense of responsibility which we are convinced he possesses, because of the manner in which he has faced the charges preferred against him, such practice would deserve a severe punishment.

Because we have reached this conclusion, we are of the opinion that the ends of justice are well met by suspending the defendant from the practice of his profession as attorney and notary for a period of three months, and it is so ordered.